**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **O.G.**

**No. 25-344** (Kanawha County CC-20-2025-JA-2)

## MEMORANDUM DECISION

Petitioner Father P.G.[1] appeals the Circuit Court of Kanawha County's April 29, 2025, order terminating his parental rights to O.G., arguing that the court erred in denying his motion for a post-adjudicatory improvement period.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In January 2025, the DHS filed a petition alleging that the child tested positive for methamphetamine and amphetamine upon birth, the mother admitted to abusing drugs during pregnancy, and the petitioner abused drugs to the point that his parenting skills were impaired.[3] According to the DHS, when Child Protective Services ("CPS") attempted to implement a safety plan with the parents, the petitioner "bec[a]me hostile and beg[a]n making threats." Although the petitioner claimed to have been sober for three years, his mother informed CPS that he had an extensive history of substance abuse and other issues, including anger management. At the subsequent preliminary hearing, the court ordered the petitioner to participate in supervised visits with the child and other reunification services, including parenting and adult life skills education and random drug screens. Ultimately, the petitioner stipulated to neglecting the child as a result of his substance abuse at an adjudicatory hearing in March 2025, at which time the court adjudicated him of neglect. The court directed the DHS to continue providing services to the petitioner, including substance abuse treatment, which the petitioner stated he would attend.

One day prior to the final dispositional hearing in April 2025, the petitioner filed a motion for a post-adjudicatory improvement period. At that hearing, a CPS worker testified that the

---

[1] The petitioner appears by counsel Jason S. Lord. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Andrew T. Waight. Counsel Adam Campbell appears as the child's guardian ad litem ("guardian").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3] The DHS later filed an amended petition concerning adult respondents and children not at issue in this appeal.

1

petitioner was not compliant with services, as he had not submitted to a drug screen for approximately one month and tested positive for methamphetamine on his last screen. As a result of his failure to screen as directed, the petitioner had not visited with the child during the entirety of the proceedings. Further, the CPS worker detailed an incident in which the petitioner and the mother verbally accosted the child's relative caregiver at her home, which necessitated the child's removal from that placement despite the significant bond she developed in the home. Despite his stated intention to attend substance abuse treatment at the prior hearing, the CPS worker explained that the petitioner waited until approximately one week prior to the dispositional hearing to enroll in treatment. Further, his enrollment occurred one day after the event that caused the child's placement disruption and shortly after receiving notice of the parents' eviction from their apartment (they were formally evicted four days after the petitioner entered the treatment program). The court heard from several witnesses who testified to the petitioner's delay in submitting to treatment because he repeatedly refused assistance, including with transportation to a facility. Additionally, one witness testified that the petitioner physically threatened the guardian, claiming that he would "punch [the guardian] . . . in the jaw." Finally, the petitioner testified that he was currently undergoing treatment and claimed the delay in beginning treatment was caused by several facilities at which he attempted to enroll. The petitioner also claimed that he had not submitted to a drug screen for approximately one month because his "insurance would not pay for a treatment facility if [he] already passed a drug test," so he purposely used THC and methamphetamine shortly before entering the facility because he "had to take a dirty drug test to be able to get [his] insurance to pay for treatment." The petitioner also clarified that his child "got taken away for drug usage on the mother's end, not [his]" and denied threatening the guardian.

Ultimately, the court denied the petitioner's motion for a post-adjudicatory improvement period because he failed to establish that he would substantially comply with or successfully complete the improvement period. In denying the motion, the court cited the petitioner's failure to comply with drug screening, his refusal to take advantage of transportation and inpatient services offered, and his role in disrupting the child's placement, among other issues. Critically, the court found that the petitioner did not accept responsibility for his behavior and that his denial of threats against the guardian was not credible. The circuit court also cited this evidence in concluding that there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse and neglect. Further, finding that the child's best interests required it, the court terminated the petitioner's parental rights to the child.[4] It is from the dispositional order that the petitioner appeals.

"We review a circuit court's decision to grant or deny a post-adjudicatory improvement period under an abuse of discretion standard." Syl. Pt. 1, *In re K.A.*, 251 W. Va. 626, 915 S.E.2d 520 (2025). Before this Court, the petitioner argues only that the circuit court erred in denying his motion for a post-adjudicatory improvement period. The petitioner is correct that, in order to obtain a post-adjudicatory improvement period, he was required to, among other things, "demonstrate[], by clear and convincing evidence, that [he was] likely to fully participate in the improvement period." W. Va. Code § 49-4-610(2)(B). The petitioner argues that he satisfied this requirement

---

[4] The mother's rights were also terminated. The permanency plan for the child is adoption in the current placement.

because he was participating in substance abuse treatment, but he ignores the substantial evidence of his overall noncompliance below. As the circuit court noted, the petitioner repeatedly refused services to enroll in treatment earlier, eventually submitting just days before the final dispositional hearing. Further, the court heard evidence of his refusal to submit to drug screens as required, positive screens, threats against the guardian, and role in disrupting the child's placement. Even more importantly, the court found that the petitioner failed to accept responsibility for his conduct, as evidenced by his statement at disposition that his substance abuse was not the cause of the child's removal. As we have explained, "[f]ailure to acknowledge the existence of the problem . . . results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense." *In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Moreover, the circuit court has discretion to deny an improvement period when no improvement is likely, and we find no abuse of that discretion here. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002).

For the foregoing reasons, the circuit court's April 29, 2025, order is hereby affirmed.

Affirmed.

**ISSUED:** June 24, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice H. L. Kirkpatrick
Justice James W. Flanigan